UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. ALLEN,<br><br>    Petitioner,<br><br>    v.<br><br>K. SANTORO, Warden,<br><br>    Respondent. | No. 1:15-cv-01413-BAM  HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT<br><br>**(Doc. 9)** |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 23, 2015, Respondent filed a motion to dismiss the petition.  Doc. 8.  On November 25, 2015, Petitioner filed a motion in the nature of a motion for default judgment (Doc. 9), seeking a decision in his favor based on Respondent's failure to file a response within sixty days of the Court's September 21, 2015, order.  On December 14, 2015, Respondent filed a response opposing the motion in which he explained that the motion to dismiss was timely filed.  The Court agrees with Respondent.

    On September 21, 2015, the Court filed an order directing respondent, among other things, to respond to the petition by filing an answer or a motion to dismiss within sixty days of the date of service of the order.  To compute an applicable time period ordered in days, one must exclude the day of the triggering event, such as the date on which the order was filed, and begin the count on the following day, counting every subsequent day including Saturdays, Sundays, and legal holidays.  F.R.Civ.P. 6(a)(1).  If service of an order is made by electronic means to which the recipient consented in writing, as by the Court's case management electronic case filing (CM-

1

ECF) system (*see* F.R.Civ.P. 5(b)(2)(E)), an additional three days are added to the date on which the time period would otherwise expire under F.R.Civ.P. 6(a).  F.R.Civ.P. 6(d).

To apply the rules in this case, one must begin counting on September 22, 2015, the day after the Court filed the order for response.  November 21, 2015, a Saturday, is the sixtieth day.  Under Rule 6(a)(1)(C), when the last day of a time period falls on a Saturday, the time period continues to run until the end of the last day that is not a Saturday, Sunday, or legal holiday, shifting the end of the sixty-day time period to Monday, November 23, 2015.  Because Respondent was served electronically, Rule 6(d) requires the addition of three more days, shifting the end of the time period to Thursday, November 26, 2015, a legal holiday (Thanksgiving).  The Court was also closed on Friday, November 27, 2015.  Accordingly, Respondent was required to file his answer or motion to dismiss on or before Monday, November 30, 2015.

Respondent filed his motion to dismiss on Monday, November 23, 2015, well before the end of the sixty-day response period as calculated under the Court Rules.  Respondent's motion having been timely filed, Petitioner's motion to grant the petition for habeas corpus is hereby DENIED.

Petitioner is ORDERED to file his reply (traverse) to the motion to dismiss within 21 days of service of this order.  If Petitioner has not filed a reply (traverse) to the motion to dismiss within thirty days after service of this order, the motion to dismiss shall be deemed submitted.
IT IS SO ORDERED.

Dated:     **December 15, 2015**            /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

2