UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALLEN,<br><br>    Petitioner,<br><br>v.<br><br>K. SANTORO, Warden,<br><br>    Respondent. | No. 1:15-cv-01413-LJO-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED**<br><br>**(Doc. 8)** |

    Petitioner, a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, was sentenced in December 1985 to life without parole following his conviction of three counts of murder. He contends that, having served more than 25 years in prison and being over 60 years of age, he is entitled to a hearing to determine his suitability for parole under a court order issued February 1, 2014, in the consolidated cases of *Coleman v. Brown* (E.D. Cal.) (No. 2:90-cv-0520-LKK-DAD PC) and *Plata v. Brown* (N.D. Cal.) (No. C01-1351 TEH) (Doc. 2766) (the "*Coleman/Plata* order"). Respondent moves for dismissal, arguing that since Petitioner is outside the scope of the court order in *Coleman/Plata* cases, referring him for a parole hearing cannot result in an immediate or speedier release from imprisonment. Because Petitioner does not fall within the category of inmates eligible for early parole under the *Coleman/Plata* order, the undersigned recommends that the Court dismiss the petition for failure to state a cognizable claim.

///

///

**I.      The Court Order Authorized Early Parole for Certain Inmates**

Petitioner seeks to enforce the early parole provisions of the *Coleman/Plata* order.  The petition raises no constitutional or other claims.

The *Coleman/Plata* order (reproduced at Doc. 1 at 22-27) arose as part of California's efforts to develop comprehensive and sustainable prison population reduction reforms to comply with a June 30, 2011, order requiring the State to address constitutional violations by reducing overcrowding in its prisons.  In extending the time period for the State's compliance, the federal courts ordered a number of interim actions, including requiring the State to "[f]inalize and implement a new parole process whereby inmates who are 60 years of age or older and have served a minimum of twenty-five years of their sentence will be forwarded to the Board of Parole Hearings to determine suitability for parole."  *See* Doc. 1 at 24, ¶ 4(e).  The order further directed:

> In selecting inmates for release, the Compliance Officer shall consider public safety by minimizing any risk of violent re-offense.  *The Compliance Officer shall not be authorized to order the release of condemned inmates or inmates serving a term of life without the possibility of parole.*

*See* Doc. 1 at 25, ¶ 6(a) (emphasis added).

Since Petitioner is an inmate serving a term of life without possibility of parole, the order explicitly excludes him from the provisions authorizing early parole.

To the extent they are not inconsistent with the statutory provision or the Rules Governing Section 2254 Cases, the Court may apply the Federal Rules of Civil Procedure.  Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts.  After being served with the petition, the Respondent may move to dismiss the case for failure to state a claim upon which relief can be granted.  F.R.Civ.P. 12(b)(6).  Because the order does not apply to Petitioner, who is serving a sentence of life without the possibility of parole, his petition should be dismissed.

///

**II.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>        (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>        (B)  the final order in a proceeding under section 2255.
>
>     (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

3

Because Petitioner does not qualify for early parole under the explicit terms of the federal court order he seeks to enforce, the undersigned finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

I.      **Conclusion and Recommendation**

Because the petition does not allege grounds on which the Court may grant relief, the undersigned recommends that the Court dismiss the petition with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 19, 2016**                    **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE